COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


MARK LEE WARD

                                    MEMORANDUM OPINION* BY
v.    Record No. 1773-01-1      JUDGE WALTER S. FELTON, JR.
                                         OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Johnny E. Morrison, Judge

          Charles B. Lustig, Assistant Public Defender
          (Brenda C. Spry, Deputy Public Defender, on
          brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Mark Ward was convicted in a bench trial of possession with

the intent to distribute cocaine, in violation of Code

§ 18.2-248, and felony obstruction of justice, in violation of

Code § 18.2-460.  On appeal, he contends that the evidence was

insufficient to support the felony obstruction of justice

conviction.  We affirm the judgment of the trial court.

                        I.  BACKGROUND

     On January 26, 2001, at approximately 8:30 a.m., Portsmouth

Police Officer S.W. Johnson was conducting a narcotics

surveillance operation at a Portsmouth Redevelopment and Housing

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Authority property. Concealed from observation since 5:00 a.m. and employing binoculars to aid in the surveillance, he observed a white, four-door Chrysler with handicapped tags pull up in front of a residence. Officer Johnson had observed the vehicle in the area earlier that morning.

A person known to the police exited the back seat and entered the residence. A man and a woman subsequently approached the passenger side of the vehicle and began speaking with the passenger, later identified as Mark Ward. The man bent over and held out his hand toward Ward. Ward placed in his hand what appeared to be two rocks of cocaine. In return, the man handed him U.S. currency. The man placed the cocaine in his pocket and then walked off with the woman.

At that time, the back seat passenger returned to the vehicle and the car drove away. Officer Johnson radioed his observations to the arrest teams. Officer G.B. Smith and Officer Woodson were assigned to an arrest team and stopped the white Chrysler. Officer Smith, wearing his badge around his neck, his gunbelt, and a shirt marked "police," exited his vehicle and approached the passenger side of the Chrysler. As he approached, he saw Ward's hand go down to his lap, then to his mouth. When Officer Smith opened the passenger door he saw Ward chewing. Officer Smith did not see the actual item that Ward placed in his mouth. However, based on his police

-

experience, Officer Smith believed Ward was placing drugs into his mouth to prevent the police from recovering the evidence.

Officer Smith grabbed Ward and placed his hand on the back of Ward's jaw to prevent him from swallowing. He repeatedly told Ward to "spit it out," but he did not. Ward began struggling with Officer Smith, flailing his arms. During the struggle, he grabbed Officer Smith's badge and ripped it off from around his neck. Ward was subsequently removed from the vehicle at which time he exclaimed "I swallowed it, I swallowed it." He was handcuffed, placed in the police car, and transported to police headquarters. A search of Ward yielded thirty-nine dollars in cash. No drugs were found on his person.

Officer J.D. Stokes was also part of an arrest team. He arrested Eric Johnson who was observed with a woman buying cocaine from Ward. Upon stopping Johnson, two rocks of crack cocaine folded in a ten dollar bill were recovered.

In a bench trial conducted on April 23, 2001, Ward was convicted of possession with the intent to distribute cocaine, in violation of Code § 18.2-248, and obstruction of justice, in violation of Code § 18.2-460. Ward appeals the obstruction of justice conviction.

## II. ANALYSIS

> Where the sufficiency of the evidence is
> challenged after conviction, it is our duty
> to consider it in the light most favorable
> to the Commonwealth and give it all
> reasonable inferences fairly deducible

-

therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Ward contends that the evidence was insufficient to support the felony obstruction of justice conviction.  He argues that the Commonwealth failed to establish that he took any action to obstruct or impede Officer Smith.  He was merely trying to defend himself as Officer Smith was choking him.  We disagree.

Code § 18.2-460(C) provides in pertinent part:

> If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a . . . law-enforcement officer, lawfully engaged in the discharge of his duty . . . he shall be guilty of a Class 5 felony.

As the evidence shows, Ward used force to impede Officer Smith's attempts to recover evidence in his mouth.  Officers Smith and Woodson stopped Ward's vehicle after Officer Johnson observed a drug transaction occur.  At the time of the stop, Ward knew of the police presence.  Officer Smith approached the car wearing his gunbelt, a shirt marked "police," and his badge around his neck.

As Officer Smith approached, Ward placed something in his mouth and began to chew.  Based on his training, experience, and the earlier observations by the drug surveillance team of Ward's activities, Officer Smith reasonably believed he was destroying

-

evidence.  Officer Smith attempted to recover the items.  With his hand around Ward's jaw and neck, he ordered Ward several times to spit the items out of his mouth.  Ward ignored the commands.  He struggled with Officer Smith, flailing his arms and ripping Officer Smith's badge off from around his neck.  From this evidence, the fact finder could find beyond a reasonable doubt that Ward's resistance was an act to free himself from Officer Smith's grasp in order to prevent him from recovering suspected drug evidence.  This conduct amounts to a use of force to impede a law enforcement officer's discharge of his lawful duty.  Consequently, the evidence at trial was sufficient to support the felony obstruction of justice conviction.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>